UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

LEON ROZELL NOLAND, JR., )
)
    Petitioner, ) Civil Action No. 11-61-JBC
)
V. )
)
ATTORNEY GENERAL OF ) **MEMORANDUM OPINION**
COMMONWEALTH, et. al., ) **AND ORDER**
)
    Respondents. )

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

On January 19, 2011, petitioner Leon Rozell Noland, Jr., filed a "Petition for Writ of Habeas Corpus Pursuant to KRS 419.020 and 28 § 2241, violation of Extradition Act" in the Fayette Circuit Court of the Commonwealth of Kentucky, captioned *Leon R. Noland, Jr. v. Attorney General of Commonwealth, Sheriff, Governor of Kentucky, U.S. Attorney General, and U.S. Marshals*, Civil Action No. 10-CI-7156. [R. 2-1].

In his petition, Noland alleges that on November 3, 2009, he was arrested by police officers employed by the city of Richmond, Kentucky, to answer to state charges pending against him in Somerset and Richmond, Kentucky. On November 12, 2009, he was transferred to the custody of federal officials to face federal criminal charges pending against him in *United States v. Noland*, No. 5:09-cr-00176-JBC (E.D. Ky. 2009). Noland argues that because no extradition proceedings occurred under Kentucky's enactment of the Uniform Criminal Extradition Act ("UCEA"), KRS 440.370, authorizing the transfer of custody, he is entitled under Kentucky's habeas statute, KRS 419.020, to the dismissal of the federal charges. [R. 2-1 at 3-4]

On February 8, 2011, the Attorney General of the United States and the United

States Marshals Service filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1441(b) and § 1442(a)(1). [R. 2] These respondents assert that the relief sought in the petition is in the nature of habeas corpus under 28 U.S.C. § 2241 as it seeks release from custody from pending federal criminal charges. [R. 2 at 1] In their response to the petition, the respondents challenge the petition on numerous procedural grounds: that neither federal official is a proper respondent; Noland has not exhausted his available remedies; Noland has raised this identical claim in his federal criminal case; and a pretrial detainee may not seek release from federal custody from a state court. [R. 4] Fayette County Sheriff Kathy Witt has filed a separate motion to dismiss the petition on the ground that she lacks custody of the petitioner to grant the only relief requested of her, to produce Noland to the Court. [R. 5] Noland has not filed any response to either document.

Setting aside for the moment the numerous procedural objections to Noland's claim, the Court will deny the petition on the most fundamental ground: it is substantively meritless. The United States of America is not a "state" within the meaning of the UCEA because it does not constitute "any other state or territory, organized or unorganized, of the United States of America." K.R.S. 440.160. Accordingly, "[t]his statute creates no right, however, where the receiving jurisdiction is the United States. ... the protections of [the] UCEA only apply to transfers between actual states of the Union." *Trafny v. United States*, 311 F. App'x 92, 94 (10th Cir. 2009) (denying relief under identical language found in Utah's enactment of the UCEA); *Martin v. Pittman*, 244 F. App'x 597, 602 (5th Cir. 2007) ("By its express terms, the UCEA ... applies only to transfers between the several states, e.g., Pennsylvania to New Jersey in Cuyler. Unlike the IADA, the UCEA's definition of 'State' does not include the federal government."). The Court will therefore deny the

petition and grant the Fayette County's Sheriff's motion to dismiss.

Accordingly, **IT IS ORDERED** that:

1. Noland's petition for a writ of habeas corpus [R. 2] is **DENIED**.

2. The Fayette County Sheriff's motion to dismiss [R. 5] is **GRANTED**.

3. The Court will enter an appropriate judgment.

Signed on August 4, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY